IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| NATHANUAL McKINNEY, §<br>aka Nathanueal McKinney[1] §<br>(TDCJ No. 1538000), §<br> §<br> Plaintiff, §<br> §<br>V. §<br> §<br>STATE OF TEXAS et al., §<br> §<br> Defendants. §<br> § | Civil Action No. 7:13-CV-131-O |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Nathanual McKinney's case under

the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). McKinney, an inmate at the

Texas Department of Criminal Justice's Smith Unit, filed a civil-rights complaint seeking relief under

42 U.S.C. § 1983.[2] McKinney names as defendants the State of Texas; the City of Wichita Falls,

Texas; Maureen Shelton, district attorney; Meredith L. Kennedy, assistant district attorney; Kinley

Heggland, senior assistant city attorney; and Peter Scott, assistant city attorney. Compl. ¶¶ 4-8, ECF

No. 3. McKinney alleges that while he was incarcerated, "the defendants did intentionally and

knowingly discriminate against [him] by placing him under a injunction without evidence of

---

[1] Plaintiff's name is spelled "Nathanueal" in the Texas Department of Criminal Justice's on-line Offender Information database. *See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=05687482. Thus, the Clerk of Court is directed to add this information to the docket.

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

participation in organized criminal activity [under] Tex. Civ. Prac. & Rem. Code's § 125.064(b)."[3] *Id.* ¶ 9. McKinney claims that he was named as a member of the "Hoova Crip's Gang" even though he "has never been convicted of a crime with the (Hoova's) or proved a member by admission." *Id.* ¶ 9. McKinney asserts that each defendant is "legally responsible for the filing of the original petition for permanent injunction against the hoova crip's (Hoova's) criminal street gang [in case number] 174,213-A." *See id.* ¶¶ 4-8. McKinney alleges that the filing of the petition for permanent injunction "violated [his] rights to due process of law and equal protection of law under the Fourteenth Amendment," for which he has no adequate remedy at law, such that he seeks declaratory and injunctive relief. *Id.* ¶¶ 13-16.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[4] *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *Adepegba*

---

[3] Section 125.064 of the Texas Civil Practice and Remedies Code provides:

(a) A district, county, or city attorney, the attorney general, or a resident of the state may sue to enjoin a public nuisance under this subchapter.

(b) Any person who habitually associates with others to engage in gang activity as a member of a combination or criminal street gang may be made a defendant in the suit. Any person who owns or is responsible for maintaining a place that is habitually used for engaging in gang activity may be made a defendant in the suit.

(c) If the suit is brought by the state, the petition does not require verification.

(d) If the suit is brought by a resident, the resident is not required to show personal injury.

Tex. Civ. Prac. & Rem. Code § 125.064 (West 2011).

[4] Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006).

*v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).  Furthermore, as a part of the PLRA, Congress

enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking

relief from a governmental entity or governmental officer or employee as soon as possible after

docketing.  *See* 28 U.S.C.A. § 1915A(a) (West 2006).  Prior case law, which is consistent with

§ 1915A, recognizes that a district court is not required to await a responsive pleading to conduct

its § 1915 inquiry.  *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).  Rather, § 1915 gives

courts the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing

*Neitzke*, 490 U.S. at 327).  After review of the complaint under these standards, the Court concludes

that McKinney's claims must be dismissed.

After review and screening of the complaint, all of McKinney's claims must be dismissed

as barred by the statute of limitations.  The Supreme Court has held that all § 1983 actions are

governed by the statute of limitations for personal-injury actions for the state of suit.  *See Wilson*

*v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for

personal-injury actions applies to all claims under 42 U.S.C. § 1983).  In Texas, the applicable

limitations period is two years.  *See Moore v. McDonald*, 30 F.3d  616, 620 (5th Cir. 1994) (noting

district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see*

*also* Tex. Civ. Prac. & Rem. Code 16.003(a) (West Supp. 2013) (Texas's two-year, personal-injury

limitations statute).  A district court may dismiss claims *sua sponte* under § 1915 where it is clear

from a review of the complaint that the alleged claims are barred by the applicable statute of

limitations.  *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d

at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Accrual of a claim under § 1983 is determined by federal law, under which a claim generally

accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992); *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989)).  Plaintiff recites that the Petition under § 125.064 was filed on March 25, 2011. Compl. ¶ 9, ECF No. 3.  Plaintiff acknowledges he was aware of the case soon after, as he explains that he sent a letter to defendant Kinley Heggland on April 6, 2011, in which he asserted the facts that he was not a member of the Hoova Crip's gang.  *Id.* ¶ 11. Heggland's response was an agreed order.  *Id.*

Upon review of the allegations in this complaint, the Court sees no basis to believe that McKinney did not know or have reason to know of the events giving rise to his claims in April 2011, when he wrote the letter contesting the filing of the petition. As this suit was filed in October 2013, McKinney's claims are filed several months too late.  The applicable two-year statute of limitations had already expired prior to the time McKinney filed suit. As all claims are barred by the applicable statutes of limitations, they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

It is therefore **ORDERED** that all claims in this case are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **28th day** of **July, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**